IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02204-PAB-MJW

DAVID LENTON WARD,

Plaintiff(s),

v.

CRAIG HOYER, (KUBAT EQUIPMENT AND SERVICE COMPANY),

Defendant(s).

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

     It is hereby **ORDERED** that the PLAINTIFF'S OPPOSED OBJECTIONS TO COURT RULING/MINUTE ORDER of January 22/2010 [Document #69] BASED ON THE GROUNDS PREVIOUSLY ASSERTED (AND CITED BELOW) BY PLAINTIFF FOR THE PURPOSE(S) OF MOTION FOR RECONSIDERATION BY MAGISTRATE JUDGE MICHAEL J. WATANABE CONCERNING MATTERS INVOLVED IN SUCH MINUTE ORDERS (Docket No. 75) is **denied**.

     "The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order."  Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National. Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" Naional Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted).  "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted).  "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  Id.

2

      Here, plaintiff's motion for reconsideration does not set forth any manifest error of law or fact or present newly discovered evidence.  There is no compelling reason to reconsider this court's previous rulings contained in Docket No. 69.

Date:  February 4, 2010